UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                Case No. 06-CR-50

LAWRENCE A. MATTHEWS
and LARRY D. WHITE,

    Defendants.

---

**RECOMMENDATION AND ORDER RE: DEFENDANTS' PRETRIAL MOTIONS**

---

### I. BACKGROUND

On March 7, 2006, a grand jury sitting in the Eastern District of Wisconsin returned a four-count indictment (together with a forfeiture provision) naming Lawrence A. Matthews ("Matthews") and Larry D. White ("White") as the defendants. In Count One, Matthews and White are charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. In Count Two, Matthews and White are charged with distribution of 500 grams or more of a substance containing cocaine on or about January 26, 2006, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In Count Three, Matthews is charged with distribution of 500 grams or more of a substance containing cocaine on or about February 6, 2006, in violation of 21 U.S.C. § 841(a)(1). In Count Four, Matthews is charged with using and carrying a firearm during and in relation to a drug trafficking crime on February 6, 2006, to wit, the crime charged in Count Three of the indictment, in violation of 18 U.S.C. § 924(c). Matthews and White were both arraigned and both entered pleas of not guilty. Their trial is currently scheduled to commence before United States District Judge Lynn Adelman on June 5, 2006, with

a final pretrial to be conducted on May 24, 2006. Each of the defendants filed pretrial motions. Matthews filed a "Motion to Suppress Custodial Statement." White filed a Motion for Order Directing Government to Identify Confidential Informant" and a "Motion for Severance." Those motions have now been fully briefed and are ready for resolution.

## II. MATTHEWS' MOTION TO SUPPRESS

On April 13, 2006, an evidentiary hearing was conducted with respect to Matthews' Motion to Suppress. At the conclusion of the testimony and after the arguments of counsel, this court set forth on the record its reasons for recommending that Matthews' motion be denied by the district judge. A hard copy of the transcript containing the reasons for the recommendation is contained in the court file. For the reasons more particularly set forth therein, it will be recommended that Matthews' motion to suppress be denied.

## III. WHITE'S MOTIONS

White filed two pretrial motions – a motion for disclosure of the identity of a confidential informant (CI) and a motion to sever his trial from that of Matthews.[1] As to the former motion, White states the following:

> [D]iscovery reveals that White, Matthews and [Melvin] Williams were investigated and ultimately charged based upon evidence provided by a cooperating witness, identified in the discovery only as a confidential informant or "CI." Based on the discovery, the government will likely call the CI at some point during the trial to identify White as a member of the alleged conspiracy. White is entitled to a reasonable opportunity to investigate the CI to prepare for cross-examination; therefore, the identity of the CI must be revealed to White and his counsel. *See Rovario v. United States*, 353 U.S. 53, 60-61 (1957).

(Amend. Mot. at 1-2.)

---

[1] White subsequently filed an amended motion for disclosure of the identity of the CI. References in this recommendation and order are to White's amended motion.

In its response to White's motion (as supported by the affidavit of AUSA Mel Johnson), the government explains that "[d]efendant White was not charged on the basis of evidence provided by the CI" whose identity White seeks. (Gov't's Resp. at 3.) Instead,

> the CI who cooperated in the investigation of Melvin Williams was not known to be present at any event relevant to this case and is not believed to even know Larry White. Accordingly, . . . information from the CI was not the basis to charge the defendant. The defense has not, and cannot, point out any evidence to the contrary.
>
> The CI will not necessarily be called as a witness if the defendant goes to trial. Since the CI was not present at any events in which the defendant participated, the CI could not provide direct evidence of any acts by the defendant. . . . [D]efense counsel had been informed that the only reason the CI might be called as a witness at trial is if Melvin Williams testifies and is attacked by the defense for recent fabrication or improper influence or motive. In that case, the CI might be called to testify about prior consistent statements by Williams about the Milwaukee police detective involved in providing him with cocaine for resale. Fed. R. Evid. 801(d)(1)(B).

(Gov't's Resp. at 3-4.) Moreover, in further support of its opposition to disclosure of the identity of the CI, the government asserts, among other things, that "[t]he FBI is still working with this CI and plans to use this CI in other investigations, the success of which could be jeopardized by the disclosure of the person's identity." (Gov't's Resp. at 4.)

In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court held that where an informant is a transactional witness, that is, where he or she was an active participant in the events leading to an arrest, the government must disclose the informant's identity to the defendant. Otherwise, it is well established that the government has a limited privilege to withhold from disclosure the identity of a confidential informant. *Id.* at 60.

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

3

*Id.* at 59.

Therefore, when determining whether to compel disclosure of an informant's identity, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. The government's limited privilege of withholding the identity of an informant gives way once the defendant proves that the information sought would significantly aid in the preparation of his defense. *United States v. Andrus*, 775 F.2d 825, 841 (7th Cir. 1985). Absent such a showing, disclosure is not required. *Id.*

Oftentimes, the government seeks to maintain the anonymity of an informant out of a concern for his or her safety. This is especially true where the defendants have been charged with a drug-related offense. As the Seventh Circuit Court of Appeals noted in *United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993):

> Understandably, not many people want to become police informants in light of the violence within the drug subculture. Drug dealers are not known for treating informers with compassion.

The Seventh Circuit has also held that where an informer is a mere "tipster," disclosure of his identity will rarely be appropriate under the balancing test of *Roviaro*. *United States v. Lewis*, 671 F.2d 1025, 1027 (7th Cir. 1982); *see also United States v. Mayomi*, 873 F.2d 1049, 1055 (7th Cir. 1989). This is so, because, although tipsters supply law enforcement officers with important leads, they are rarely further involved in the investigation, apprehension or prosecution of the suspect. In the end, "transactional witnesses," as opposed to tipsters are more likely to require disclosure. A transactional witness is a witness that is an active participant in the investigation leading to arrest. *Bender*, 5 F.3d at 270.

After giving due consideration to the arguments of the parties, I am not persuaded that the

4

government should be required to reveal the identity of the CI in this case. Simply stated, the CI was not a transactional witness to any of the events which form the basis of the charges against White. To be sure, he may have provided information which contributed to the arrest of Melvin Williams, who is now one of the witnesses against White in this criminal prosecution. But, there is no indication that the CI was a "transactional witness" to any of the events upon which the case against White is based. Furthermore, White has not offered any other justification for the court's ordering the government to disclose the CI's identity. Thus, defendant White's motion for disclosure of the identity of the CI will be denied.

As previously stated, White also filed a motion for severance of his trial from that of his co-defendant, Larry Matthews. In support of that motion, White asserts that "discovery reveals that Matthews, White's co-defendant and alleged co-conspirator, made statements after his arrest implicating White. Thus, severance is mandated by *Bruton v. United States*, 391 U.S. 123 (1968), and *United States v. Oglesby*, 764 F.2d 1273 (7th Cir. 1985)." (Mot. at 1.)

In its response, the government acknowledges that Matthews did indeed give a statement to law enforcement authorities in which statement he implicated White. The government also acknowledges that such statement, in its un-redacted form, could not be used during a joint trial without running afoul of the Supreme Court's holding in *Bruton*. However, the government argues that severance of White's and Matthews' trials is not mandated by the mere existence of Matthews' statement. Instead,

> remedies short of severance could solve the confrontation problem. Those remedies include redaction that would replace White's name with neutral pronouns which did not directly refer to him along with limiting instructions telling the jury not to use Matthews' confession as evidence against White. *Richardson v. Marsh*, 481 U.S. 200 (1987); *United States v. Souffront*, 338 F.3d 809 (7th Cir. 2003); *United States v.*

5

*Sutton*, 337 F.3d 792, 798-800 (7th Cir.), *cert denied*, 540 U.S. 1050 (2003).
(Gov't's Resp. at 4-5.)

Having said that, the government in the end asserts that it does not oppose a severance of White's trial from Matthews' trial. However, in the event a severance is granted, the government states that it would prefer to try Matthews first. This is because the case against Matthews is "very strong." (Gov't's Resp. at 5.) And, once Matthews is convicted, the government would anticipate immunizing Matthews, calling him as a witness against White, and then asking him questions about Whites' involvement in the conspiracy, i.e., obtaining from Matthews under oath the same information which is contained in the statement Matthews gave to law enforcement officers after his arrest.

It is true that redaction can sometimes work as a remedy in a situation such as presented in the case at bar. However, redaction can only work if the words used in place of the co-defendant's name (such as White in this case) "avoid[ ] a one-to-one correspondence between the confession and easily identified figures sitting at the defense table." *United States v. Sutton*, 337 F.3d 792, 799 (7th Cir. 2003) (quoting *United States v. Hoover*, 246 F.3d 1054, 1059 (7th Cir. 2001)). Regrettably, the government has not presented Matthews' statement (or the proposed redacted version) to this court for review. Thus, I cannot render an opinion as to whether any proposed redacted version would comply with *Sutton*. The decision on that issue will need to be deferred entirely to Judge Adelman, the trial judge. In that regard, Judge Adelman would no doubt appreciate being provided with a copy of the government's proposed redacted statement well prior to the final pretrial (which is currently set for May 24, 2006) so that he might give consideration to the need for separate trials for Matthews and White, as well as the order in which to conduct any ordered separate trials. Accordingly,

6

although this court will not issue an order on the merits of defendant White's motion for severance, it will order the government to file with Judge Adelman within ten days of the date of this Recommendation and Order the proposed redacted version of Matthews' statement.

**NOW THEREFORE IT IS RECOMMENDED** that Matthews' motion to suppress be **DENIED**;

**NOW THEREFORE IT IS ORDERED** that White's motion for disclosure of the identity of the confidential informant be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that, no later than ten days from the date of this order, the government file with Judge Adelman its proposed redacted version of defendant Matthews' statement;

**IT IS FURTHER ORDERED** that White's motion for severance be deferred entirely to the trial judge.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) - (C), Federal Rule of Criminal Procedure 59(a) - (b), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this <u>2nd</u> day of May, 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge