# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        Plaintiff,

    v.                                                                         Case No. 06-CR-50

**LAWRENCE MATTHEWS**
        Defendant.

---

## SENTENCING MEMORANDUM

Defendant Lawrence Matthews pleaded guilty to conspiracy to distribute more than five kilograms of cocaine, contrary to 21 U.S.C. § 841(b)(1)(A), and carrying a firearm during a drug trafficking offense, contrary to 18 U.S.C. § 924(c). Both statutes carry mandatory minimum penalties (ten years and five years, respectively). The government moved for a sentence reduction under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to reward defendant for his substantial assistance. I granted the government's motion and reduced defendant's sentence by a total of 6 levels under the sentencing guidelines. Because defendant's guideline range was lower than the mandatory minimum on the drug count – and § 924(c) offenses have no guideline range – I had to then determine from where to depart. In this memorandum, I set forth the basis for the departure decision and the reasons for the sentence imposed.

### I. FACTS AND BACKGROUND

In September 2004, after he had been laid off from his long-time job with the Chicago Transit Authority ("CTA"), defendant began transporting cocaine from his home in Chicago to a Milwaukee dealer named Melvin Williams. At times, Larry White,

defendant's brother-in-law and a City of Milwaukee police officer, assisted in the transfers. In total, defendant and Williams trafficked in nearly fifteen kilograms of cocaine.

The FBI learned of Williams's activities and enlisted his cooperation against defendant and White. During a series of recorded phone calls, Williams arranged a two-kilogram deal with defendant. Agents subsequently arrested defendant in the parking lot of a Milwaukee fast food restaurant on February 6, 2006 and recovered two kilograms of cocaine and a loaded handgun.

After his arrest, defendant made a statement detailing his own drug activities but declined to implicate White. The government thereafter charged defendant and White with a drug trafficking conspiracy, and the case was set for trial. Several weeks before trial, defendant elected to plead guilty and agreed to cooperate against White. Defendant debriefed, and the government turned his information over to White, who soon agreed to plead guilty as well, averting a trial. The government then filed a motion to reduce defendant's sentence based on his substantial assistance, and the case proceeded to sentencing.

## II. DISCUSSION

### A.  Sentencing Procedure

In imposing sentence, I follow a three-step procedure. First, I determine the advisory guideline range. Second, I decide whether to grant any departures pursuant to the Sentencing Commission's policy statements. Finally, I select a sentence that is sufficient but not greater than necessary given all of the factors set forth in 18 U.S.C. §

3553(a). E.g., United States v. Peralta-Espinoza, 413 F. Supp. 2d 972, 974 (E.D. Wis. 2006).

**B.      Application**

    **1.      Guidelines**

The pre-sentence report ("PSR") set defendant's base offense level on the drug count at 32 based on the amount of cocaine involved, U.S.S.G. § 2D1.1(c)(4), then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 29. Coupled with his criminal history category of I, defendant's range was 87-108 months on the drug count. However, because the statute of conviction required a ten-year sentence, 120 months became the guideline sentence. See U.S.S.G. § 5G1.1(b).

The guidelines set no offense level for a § 924(c) offense, instead recommending the mandatory minimum term set by statute, U.S.S.G. § 2K2.4(b), in this case 60 months. Therefore, defendant's total guideline range was 180 months (120+60), consistent with the mandatory minimum terms. Neither side disputed these calculations.

    **2.      Departure**

I next considered the government's substantial assistance motion. In ruling on such a motion, I consider the factors in U.S.S.G. 5K1.1:

> (1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

3

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

I give substantial weight to the government's evaluation of the extent of the defendant's assistance, but the extent of the departure is within my discretion. I attempt to link the departure to the structure of the guidelines and typically use the method suggested by the Seventh Circuit of granting something on the order of a two-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. See United States v. Washington, 293 F. Supp. 2d 930, 934 (E.D. Wis. 2003). In unusual cases, I may grant greater reductions for factors present to an extraordinary degree. See, e.g., United States v. Smith, 359 F. Supp. 2d 771, 775 (E.D. Wis. 2005).

Defendant agreed to talk to the agents immediately after his arrest, giving a complete and truthful statement as to his activities. However, he did not immediately agree to cooperate against White. Once he had agreed to plead, defendant also agreed to cooperate against White and debriefed. His debrief was disclosed, and within a few days White began to negotiate a plea. Defendant's information corroborated that provided by the government's other key cooperating witness, Williams.

Based on this assistance, I awarded 2 levels under the first § 5K1.1 factor based on the government's belief that defendant's information was instrumental in persuading White, a Milwaukee police officer, that trial was not a viable option. Thus, the information was significant and useful in securing White's conviction.

I also awarded 2 levels under the second factor based on the government's assertion that defendant's statements were truthful and complete, and corroborated by

4

Williams. I awarded 1 level under the third factor because defendant's cooperation consisted of debriefing; he did not engage in pro-active cooperation. He agreed to testify against White but that proved unnecessary. I awarded an additional level based on the fact that defendant agreed to cooperate against his brother-in-law, which may not have made cooperation riskier, but likely did make it more difficult. Finally, I awarded no reduction for timeliness. While defendant did agree to speak to agents about his own actions immediately on arrest, it took him quite awhile to agree to cooperate against White. The case was in a trial posture for some time before defendant agreed to plead and cooperate. The case could have been resolved much sooner had defendant come forward earlier. I did not penalize defendant for considering an exercise of his right to trial, but concluded that he had not earned an additional reduction for timeliness. Therefore, I departed a total of 6 levels.

As noted, in the present case the government moved under 18 U.S.C. § 3553(e) as well as § 5K1.1, which allowed me to impose a sentence below the mandatory minimum terms otherwise required on the two counts of conviction. Section 3553(e) provides:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e).

The statute directs the court to implement a departure consistent with the guidelines. Ordinarily, this is easy: the court departs downward from the applicable offense level.

5

However, because this was a mandatory minimum case – with the statutes trumping the guidelines – I had to decide from where to depart.

The Seventh Circuit has held that when the guideline range is lower than the mandatory minimum sentence, the court should depart from the statutory level, i.e., the lowest offense level consistent with the mandatory minimum. United States v. Hayes, 5 F.3d 292, 295 (7th Cir. 1993); see also United States v. Beamon, 373 F. Supp. 2d 878, 884 (E.D. Wis. 2005). Hayes was a drug case, but its rationale also applies to cases involving drug trafficking and § 924(c) counts. United States v. Schaffer, 110 F.3d 530, 533-34 (8th Cir. 1997).

Translating the mandatory minimum term into a guideline range is consistent with the requirement in § 3553(e) that the "sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission." The guidelines, in turn, provide that when the minimum term is higher than the range, the minimum term becomes the guideline sentence. U.S.S.G. § 5G1.1(b). The guidelines further provide that in § 924(c) cases the mandatory minimum term is the guideline sentence.

In the present case, the drug count carried a mandatory minimum of 120 months and the § 924(c) count a term of 60 months. The lowest range consistent with the 120-month term under criminal history category I was 97-121 months, at offense level 30. Adding the 60 month mandatory minimum created a range of 157-181 months. The most analogous range was 151-188 months, produced by offense level 34. Therefore, I used level 34 as the departure point. With the 6 level departure, the range became 78-97 months.

### 3. Section 3553

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2).

However, in the present case, § 3553(e) limited my consideration of these factors. That provision restricts the court, in reducing a sentence below the mandatory minimum range set by statute, from considering factors other than the defendant's substantial assistance. Beamon, 373 F. Supp. 2d at 884. Defendant asked me to consider the

7

distortion to the guideline system caused by § 924(c). See United States v. Alexander, 381 F. Supp. 2d 884, 886-90 (E.D. Wis. 2005). However, § 3553(e) prevented me from imposing a non-guideline sentence based on such consideration. Further, as the court noted in Schaffer, 110 F.3d at 533, it is improper for the judge on a § 3553(e) motion to impose sentence under the drug guideline alone, without reference to a § 924(c) count. I considered the interplay between the two counts in a manner consistent with § 3553(e) and § 5G1.1(b). Therefore, with these limitations in mind, I turned to the § 3553(a) factors.

### a. Nature of Offense

Defendant transported a substantial amount of cocaine – nearly 15 kilograms – between Chicago and Milwaukee over a period of about eighteen months. Upon his arrest, defendant was found to be in possession of a loaded handgun. Therefore, the offense was quite serious. However, there was no indication of violence or threats, or that defendant was an entrenched drug dealer. Rather, he turned to dealing after he lost his job.

### b. Character of Defendant

Defendant was forty-two years old, with no prior record. Defendant had been married since 1996 and had a ten year old daughter, with whom he had a very close relationship. He also had two step-children. Defendant's wife made positive comments about him and planned to stick with him. Defendant also had a close relationship with his own family, assisting his mother and sister, who suffered from multiple sclerosis. I also received letters from family friends attesting to defendant's positive character.

Defendant graduated high school, took some college courses and worked for the CTA for twelve years as a bus driver. As noted, he commenced this offense after being

8

laid off following a back injury. Defendant had no substance abuse or physical or mental health problems. In sum, he was a very unusual drug offender.

### c. Purposes of Sentencing

Given his lack of record and significant accomplishments, I found that defendant was not dangerous or a risk of recidivism. However, I concluded that some significant confinement was necessary to reflect the seriousness of the offense and deter others. Given that he had never been in prison before, significant prison was not necessary to deter defendant from re-offending. As noted, he appeared to have no correctional treatment needs. Defendant owed the FBI $22,000 in "buy money," which I ordered him to pay as a condition of supervised release. See United States v. Daddato, 996 F.2d 903, 905 (7th Cir. 1993).

### d. Imposition of Sentence

The guidelines called for a term of 78-97 months after the departure. Under all of the circumstances, particularly defendant's significantly positive character and background, I found a sentence at the low end sufficient but not greater than necessary. Therefore, I committed defendant to the custody of the Bureau of Prisons for a total of 78 months, followed by three years of supervised release. The government's motion permitted a supervised release term below the otherwise applicable mandatory minimum of five years on the drug count. I found three years sufficient to ensure that defendant was monitored and repaid the buy money. Given his background and family support, an extended term was unnecessary. The conditions of supervision appear in the judgment.
9

Dated at Milwaukee, Wisconsin, this 20th day of October, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge